## STATE COURT OF APPEALS—Continued

### No. 235
### BAKER v. BABITT

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4649.  Decided Dec. 13, 1923

**951. PRINCIPAL AND AGENT**—Liability of parent for acts of child.

**1177. TORTS**—Definition of intervening cause.

SAYRE, J.                        Epitomized Opinion
            Published Only in Ohio Law Abstract

This action was instituted in Cuyahoga Common Pleas on behalf of Joseph Babitt, a minor, by his next friend, his mother, against Baker.  Baker's son sold 1,000 cartridges to Albert Slosser, aged 14, who gave some of them to Lester Lazelle, of same age, who hid them at home.  His mother having discovered them, ordered her son to give them back to Slosser.  But he gave them to Russell Tomasek, aged 12, who distributed them to two other boys, and at a bonfire where the boys were assembled, the shells were thrown on the fire and one of them exploded and destroyed one of the eyes of Joseph Babitt.

John C. Baker was a gunsmith, engaged in repairing and selling guns.  His son Ralph, who was 21 or 22 years old, assisted his father and was paid by the hour.  The Bakers testified that the same of amunition was exclusively the business of the son, and for the space occupied by the amunition the son paid the father rent.  No books were kept, but Ralph was paid every evening for his services.  The cartridges were purchased by Ralph.

Separate letter heads of the father's business as gunsmith, under the name of Weston Gunworks, and of the son, "R. J. Baker, Amunition Exclusively," were introduced in evidence.  Judgment was rendered for Babitt for $1,500.  It was contended by Baker that the son was not his agent in this transaction, and that there was an intervening cause when the mother ordered the son to return the shells.  In affirming the judgment, the Court of Appeals held:

1. "The principal question in dispute is whether John C. Baker was engaged in selling cartridges.  We cannot say in view of the considerations that the verdict is not supported by sufficient evidence."

2. As to the court's failure to give the charge requested by Baker, that the mother's act was an intervening cause, the charge does not properly submit the question of an intervening cause to the jury.  What was the proximate cause, and whether there was an intervening cause, were questions for the jury, 94 US. 469.  Even if the facts had been stated correctly in the request, it would have been erroneous for the court to charge that the action of Mrs. Lazelle was an intervening cause.  The court might as well have directed a verdict.  The original wrong was in selling to a boy 14 years old and by thus putting into his hands an instrument which could injure him and others.  This wrong continued until the injury of Joseph Babitt.

Attorneys—Bentley & Biggs, for Baker; J. A. Cline, for Babitt.

### No. 236
### DEVINE v. CIBULA

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4769.  Decided Jan. 19, 1924

**951. PRINCIPAL AND AGENT**—Any secret profit made by agent belongs to principal—Sale of real estate through a dummy, to cover up profit made by selling agent.

RICHARDS, J.
                Epitomized Opinion
        Published Only in Ohio Law Abstract

Action by Devine was brought in Cuyahoga Common Pleas to fasten a trust upon a note and mortgage for $1,000 taken in the name of Cibula's wife, and to enjoin the Cibulas from transferring or selling them.  The evidence disclosed that Devine was the owner of a house and lot in Cleveland, which she employed Cibula, a real estate agent, to sell.  She testified that she asked Cibula to sell the property for $7,500, with a down payment of $4,000.  Cibula took Grendel to look at the property, but latter was able to make only a down payment of $1,000.  Ciubla testified that he informed Mrs. Devine of this fact, and he himself offered to purchase the property from her for $6,300, with a down payment of $4,000, and then to resell to Grendel at $7,500.  Devine flatly denied that her agent informed her that Grendel was to purchase the property at $7,500.  The property was conveyed to Cibula's wife, who was a mere figurehead.  In closing the sale from Cibula to Grendel, the latter executed to Cibula's wife, a note and mortgage of $1,000.  The trial court rendered a decree for Devine.  In affirming the judgment on appeal, the Court of Appeals held:

1. "A real estate agent owes to his principal the unqualified duty of exercising fidelity and good faith, and is not entitled to make a secret profit as agent.  The evidence in this case discloses clearly that the purpose of having the conveyance made to Mrs. Cibula was solely to keep plaintiff in ignorance of the fact that the property was immediately resold for $7,500, and to cover up the profit of $1,000.  In equity and justice this mortgage is a porperty of Devine, and must be executed to her."

Attorneys—Schaefer & Lawrence, Cleveland, for Devine; F. E. Bruml, Cleveland, for Cibula.